UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDDIE LEE LEMMON,

          Plaintiff,

     v.

PIERCE COUNTY,

          Defendant.

NO. C21-5390RSL

ORDER DENYING MOTION TO STAY

This matter comes before the Court on defendant Pierce County's "Motion for Relief from Deadlines and Protection Order Staying Discovery." Dkt. # 13. Having reviewed the memoranda and declarations submitted by the parties, as well as the underlying motion to dismiss, the Court finds as follows:

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th

ORDER DENYING MOTION TO STAY - 1

Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion.").

The pending motion to dismiss asserts that (a) plaintiff lacks standing to challenge the fees and fines that were assessed against him when his legal financial obligations were referred to a private company for collection, (b) the claims are not ripe and/or are an impermissible collateral attack on the Superior Court's judgment, (c) the State, rather than the County, is the correct defendant or, in the alternative, the County cannot be held liable for the conduct of its judicial officers or other employees, (d) plaintiff has not adequately alleged the deprivation of any constitutional right, and (e) declaratory and injunctive relief are unavailable. The mere existence of a motion to dismiss is insufficient on its own to warrant a stay of discovery, and the Court is not "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). The arguments that could resolve the entire case do not, upon first glance, appear to be persuasive, and success on discrete issues would not obviate the need for discovery. Defendant does not argue that discovery related to the procedures and policies governing the referrals of legal financial obligations to private corporations for collection would be unduly burdensome, oppressive, or embarrassing. It has not, therefore, met its burden for a protective order under Rule 26(c).

For all of the foregoing reasons, defendant's motion for a stay of discovery is DENIED.

Dated this 7th day of July, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STAY - 2