UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE LEE LEMMON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>        v.<br><br>PIERCE COUNTY, a Washington municipality,<br><br>                    Defendant. | CASE NO. 3:21-cv-05390-DGE<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS |

## I        INTRODUCTION

This matter comes before the Court on Defendant Pierce County's motion for summary judgment (Dkt. No. 43).  For the reasons articulated herein, the Court GRANTS in part Defendant's motion for summary judgement as to Plaintiff Eddie Lee Lemon's claims brought pursuant to 42 U.S.C. § 1983.  The Court also declines to exert supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## II       BACKGROUND

Plaintiff brings this action against Defendant, asserting the Pierce County Court Clerk ("Clerk") and District Court Administrator have an unconstitutional pattern and practice of automatically imposing additional fines and fees when referring individuals' legal financial obligations ("LFOs") to private collection agencies. (Dkt. No. 1-2 at 1.)

In October 2010, Plaintiff pled guilty in Pierce County Superior Court for violating an existing domestic violence court order, assault in the second degree, and burglary in the second degree. (Dkt. No. 44-25.) Plaintiff's signed plea specifically noted he was obligated to pay $500.00 "as a victim's compensation fund assessment." (*Id.* at 5.) Plaintiff also initialed the prosecutor's recommendation that Plaintiff pay a total of $800 in LFOs. (*Id.* at 7.) At his sentencing hearing, Plaintiff confirmed he reviewed the sentencing agreement with his counsel and his counsel confirmed he was retained, not court appointed. (Dkt. No. 44-26 at 7, 13). The court also reviewed the LFOs Plaintiff was expected to pay. (*Id.* at 13.) At no point during the sentencing hearing did Plaintiff or Plaintiff's counsel indicate Plaintiff was indigent and unable to pay the LFOs. On October 8, 2010, the court entered its judgment. (Dkt. No. 44-27.) In entering its judgment, the court found Plaintiff had the ability, or future ability, to pay the LFOs imposed by the judgment. (Dkt. No. 44-27 at 4.)

On December 1, 2010, the Clerk's Office sent Plaintiff a letter informing him he failed to comply with the October 8th judgment and requiring him to pay $900 in LFOs. (Dkt. No. 54-2 at 2.) This amount included a Clerk's Office imposed $100 collection fee. (Dkt. No. 54-1 at 13.)[1] The letter informed Plaintiff he needed to pay his outstanding balance within 30 days of

---

[1] The Pierce County 30(b)(6) deponent testified the $100 fee is "added three months post receiving the judgment sentence, or upon receipt of the DOC supervision closure report." (*Id.*) As less than

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS - 2

the date of the letter or the Clerk would refer his debt to a private collection agency. (Dkt. No. 54-2 at 2.) The letter also specifically noted "[f]or the collection of unpaid legal financial obligations, the clerk may impose an annual fee, pursuant to RCW 9.94A.780." (*Id.*) The parties dispute whether Plaintiff received notice of this referral. (Dkt. Nos. 44-1 at 34–35; 55 at 2.) The Clerk's Office ultimately referred Plaintiff's LFOs to a private collection agency on January 4, 2011. (Dkt. No 54-9 at 1.)

The collection agency (AllianceOne) showed a balance owed of $1,138.72 on January 4, 2011, which included the $900 the County identified as owed, plus $22.37 of interest, and AllianceOne's collection fee of $216.35. (Dkt. No. 54-10 at 2.)

The Clerk's Office contracts with AllianceOne to collect unpaid LFOs. (Dkt. No. 54-3 at 2.) "Pursuant to the Contract, AllianceOne will retain from each payment received 19% (instate regular and legal) and 23% (out-of-state regular and legal) as its fee." (*Id.*) When a party makes a payment to AllianceOne, AllianceOne accepts the payment and remits the balance to the Clerk's Office after removing its collection fees. (Dkt. No. 54-1 at 45.)

Plaintiff subpoenaed AllianceOne and obtained the "financial information pertaining to Eddie Lemon's LFO account in commercial collections with AllianceOne." (Dkt. No. 54 at 3; *see also* Dkt. No. 54-9.) AllianceOne identified an outstanding balance of $2,152.52, which is the sum of $1,138.72 (the original amount owed as of January 4, 2011) plus $1,013.80 (the interest on the original amount through June 6, 2018[2]). (Dkt. No. 54-9 at 2.)

---

90 days passed between the date of judgment and the date the letter was sent to Plaintiff, presumably the Clerk's Office received a DOC supervision closure report.

[2] Plaintiff acknowledges this figure is interest that accumulated on the original amount transferred to AllianceOne on January 4, 2011, as Plaintiff argues an additional $545.16 is necessary to pay AllianceOne's collection fees. (*See* Dkt. No. 53 at 14–15.)

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS - 3

1   Plaintiff never made any payments to Pierce County for the original LFOs or the interest
2   that accumulated through June 6, 2018.  Plaintiff also never made any payments to AllianceOne,
3   which means AllianceOne never deducted any collection fees from Plaintiff after January 4,
4   2011.
5   On April 26, 2021, Plaintiff filed suit in Thurston County Superior Court, alleging
6   Defendant has a policy and practice of referring LFOs to a collection agency without inquiring
7   into individuals' ability to pay.  (Dkt. No. 1-2 at 1, 24.)  Plaintiff alleges this practice violates his
8   Eighth and Fourteenth Amendment rights, as well as state constitutional rights.  (*Id.* at 24–27.)
9   Plaintiff also seeks to certify a class of indigent individuals who owe LFOs in Pierce County
10  superior or district courts and who have had, or will have, their debt referred to a private
11  collection agency.  (*Id.* at 9.)  Plaintiff seeks declaratory and injunctive relief.  (*Id.* at 28.)
12  On June 2, 2022, Defendant moved for summary judgment, alleging various arguments
13  as to why the Court should dismiss Plaintiff's claims and grant judgment in their favor.  (*See*
14  *generally* Dkt. No. 43.)  Plaintiff filed their response in opposition to summary judgment on July
15  7, 2022 (Dkt. No. 53) and Defendant filed their reply on July 15, 2022 (Dkt. No. 57).

### III   DISCUSSION

**A. Legal Standard**

"Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 591 F. Supp. 3d 956, 960 (W.D. Wash. 2022).  The party seeking summary judgment bears the burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B. Under Both Defendant's Theory and Plaintiff's Theory, Plaintiff's § 1983 Claims are Barred**

    1. Under Defendant's Theory, Plaintiff's § 1983 Claims Are Barred By Statute of Limitations

State law provides the applicable statute of limitations for § 1983 claims. *See Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1271 (9th Cir. 2022). Washington Revised Code § 4.16.080(2) articulates the relevant statute of limitations. *See Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1157 (W.D. Wash. 2019). Under the statute, "An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated . . . shall be commenced within three years." Wash. Rev. Code § 4.16.080(2).

While state law provides the relevant statute of limitations for § 1983 claims, "[f]ederal law governs the accrual of a section 1983 claim, and a cause of action accrues 'when the plaintiff knows or has reason to know of the actual injury' that is the basis for the action." *Ellis*, 24 F.4th. at 1273 (quoting *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1051 (9th Cir. 2008)). While "a new claim arises (and a new limitations period commences) with each new injury," *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019), "inevitable consequences that are not separately actionable," do not toll the statute of limitations, *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

Defendant asserts the statute of limitations has run on any § 1983 claim because "Plaintiff knew or should have known in 2011 of the conduct of which he now complains (referral to collections with no new hearing)." (Dkt. No. 43 at 20.) To support this claim, Defendant directs the Court to Plaintiff's deposition testimony in which he acknowledges receiving a letter informing him of the Clerk's decision to refer collection of Plaintiff's LFOs to a collection agency in 2010.[3] (Dkt. No. 44-1 at 34–35.) Plaintiff specifically acknowledges in this testimony he was aware his LFOs were sent to AllianceOne within a year of his release from prison in December 2010. (*Id.* at 35.) Defendant also puts forward affidavits from AllianceOne. (Dkt. No. 47.) AllianceOne asserts it mailed Plaintiff two letters in 2011 to collect on his LFO judgment and notes Plaintiff's account reflects a conversation took place in 2016 in which Plaintiff was reminded by AllianceOne of his obligations to pay his LFOs to Pierce County. (Dkt. No. 47 at 2–3.)

If the Court accepts the argument that the alleged AllianceOne collection fees are inevitable consequences of the original decision (that occurred in 2011) to send the LFO balance to a collection agency, then Plaintiff's § 1983 claims are barred by the statute of limitations.[4]

---

[3] Plaintiff puts forward an affidavit in which he claims to have been confused during his deposition testimony and does "not recall ever receiving" the letter from the Pierce County Clerk's office informing him that his LFOs had been referred to a collection agency. (Dkt. No. 55 at 2.) This is in direct contradiction to Plaintiff's prior state court declaration acknowledging receipt of the letter (Dkt. No. 5 at 127) and his deposition testimony (Dkt. No. 44-1 at 34–35). The Court finds paragraph 8 of Plaintiff's affidavit (Dkt. No. 55 at 2) is a sham and that the contradiction between his deposition testimony and subsequent affidavit is "clear and unambiguous." *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). Plaintiff was specifically presented with his prior state court declaration during his deposition and affirmed in his testimony that he received this letter while in jail and knew that his LFOs had been referred to collections within a year of his release from prison. (Dkt. No. 44-1 at 34–35.) Plaintiff's assertion that he now has no recollection of receiving the letter is simply not credible and his affidavit cannot be used to create an issue of fact that would preclude summary judgment on this issue.

[4] Plaintiff has explicitly conceded Plaintiff "is not challenging the imposition of interest on LFOs." (Dkt. No. 53 at 26.)

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS - 6

2. Under Plaintiff's Theory, Plaintiff's §1983 Claims Are Barred Because There Is No Evidence A Collection Fee Was Ever Imposed.

Plaintiff, in response to Defendant's argument, asserts his complaint was timely filed because he "continued to have collection fees added to his LFO debt through May 31, 2018." (Dkt. Nos. 53 at 18; 54-11 at 6–17.) Additionally, Plaintiff's LFOs were subject to interest, which increased the collection fee charged by AllianceOne per their contract with the Clerk's Office. In other words, Plaintiff argues for each day interest was charged that day's interest was subject to a .234568 collection fee. (*See* Dkt. No. 53 at 14) ("For every dollar of interest that accrued through June 4, 2018, the total collection fee that Mr. Lemmon owes increased by .234568 cents."). This, according to Plaintiff, constitutes a renewed harm in which the statute of limitations accrues for each new interest payment added to Plaintiff's LFOs. (Dkt. No. 53 at 18.)

If, as Plaintiff argues, each day constitutes a new and independent harm, the only harm not subject to the three-year statute of limitations would be the alleged harm between April 26, 2018 (three years before the day the complaint was originally filed) and June 6, 2018 (the last day interest was allowed pursuant to Washington Revised Code § 10.82.090(1)). This means Plaintiff must show harm between these two dates, which he has not.

Plaintiff has not put forward any evidence AllianceOne actually charged Plaintiff a collection fee between April 26, 2018, and June 6, 2018. Rather, the only evidence presented by Plaintiff is that interest continued to accrue during this period, which Plaintiff does not challenge. (*See* Dkt. No. 54-11 at 17.) Under the contract between the Clerk's Office and AllianceOne, the collection fee is only imposed once Plaintiff makes a payment. (*See* Dkt. No. 54-3 at 2.) Plaintiff has never made a payment to AllianceOne for the LFOs at issue in this case. (*See* Dkt. No. 54-9 at 2.) And AllianceOne's records identify the balance Plaintiff currently owes is the original amount transferred on January 4, 2011, plus interest. (Dkt. No. 54-9 at 2.) The

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS - 7

collection fees were thus hypothetical until such time Plaintiff made payment and cannot in themselves constitute an injury sufficient to toll the statute of limitations because Plaintiff never made any payment to AllianceOne. *Cf. Ellis*, 24 F.4th at 1272 ("[t]he injury occurred only when Ellis received a bill under the new rate structure.")

Because both Plaintiff's and Defendant's theory of the nature of the alleged collection fees result in the same outcome, the Court GRANTS summary judgment as a matter of law to Defendant as to Plaintiff's § 1983 claims and dismisses these claims with prejudice.[5]

### C. State Law Claims

Having dismissed all claims over which this Court has original jurisdiction, the Court declines to exert supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses these claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## IV   CONCLUSION

Accordingly, and having considered Defendant's motion for summary judgment (Dkt. No. 43), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's motion is GRANTED in part.

1. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are DISMISSED with prejudice.
2. The Court DISMISSES without prejudice Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[5] Though the Court does not take a position as to whether the availability of an adequate state law remedy would preclude Plaintiff's § 1983 claims, the Court notes Plaintiff could seek a reduction of the non-restitutionary interest owed on his LFOs pursuant to Washington Revised Code § 10.82.090 and has the ability to move the superior court to remove the LFOs from AllianceOne, which means he would avoid ever paying any collection fee on interest that accumulated between April 26, 2018 and June 6, 2018. *See* Wash. Gen. R 39(b).

3. The Court DISMISSES Plaintiff's motion to certify class (Dkt. No. 69) as moot.

Dated this 13th day of January, 2023.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS - 9